DELL, Judge.
Virginia K. Sullivan, beneficiary of a life tenancy under the will of Torkild L. Sterner, appeals from an order directing her to pay all real estate taxes, encumbrances, liens, pledges, etc., assessed against the real property.
The decedent initially devised all his property to his daughter, Carol Perry, but later executed a codicil to his will which provided:
In consideration of the duties undertaken by my housekeeper and personal *1257 nurse, Virginia K. Sullivan, now residing with me for a number of years in my resident property which is located- at 1213 Cordova Road, Fort Lauderdale, Florida, and who is taking care of my welfare and comfort, in addition to any compensation she may have received for her services, I direct my Executor to give and permit Virginia K. Sullivan, the right to reside in my said residence property after my death for the rest of her remaining years in life and as long as she wants to reside therein, free of rent and of any encumbrance of any nature whatsoever, such as taxes, liens, pledges, etc., except utilities and telephone. In the event this property is to be disposed but only with the approval and consent of Virginia K. Sullivan, for any reason whatsoever, then she shall be entitled to half or fifty (50%) percent of the proceeds resulting therefrom. [Emphasis added.]
Other than the real property which is the subject of the foregoing specific devise, the estate had only $1,846 in cash. Appellant paid the 1980 real estate taxes because the estate no longer had sufficient funds to pay them and filed suit against the personal representative in county court for reimbursement. The personal representative petitioned the probate court to interpret the will. Appellant thereafter dismissed the county court action and requested the probate court to grant a lien in her favor against the real property for the 1980 taxes, and for such other future exempted expenses which she may be required to pay during her life tenancy. The probate court found:
that any implied trust for benefit of Virginia Sullivan has failed and becomes void for lack of a corpus. Virginia Sullivan, as life tenant, has the duty to pay the real estate taxes, encumbrances, liens, pledges, etc. assessed against the property during her life tenancy and shall not have a lien in her favor for said payments against the property. The 1980 real estate taxes would be an obligation of the estate, and the taxes assessed after 1980 must be paid be [sic] Virginia Sullivan as life tenant.
Appellant contests this order, contending that since the codicil specifically provided for her to take a life tenancy free from encumbrances, the probate court could not require her to pay them. We agree.
Section 733.803, Florida Statutes (1983), provides:
The specific devisee of any encumbered property shall be entitled to have the encumbrance on devised property paid at the expense of the residue of the estate only when the will shows such an intent. A general direction in the will to pay debts does not show such an intent.
The codicil demonstrates the testator’s clear intent to devise the life tenancy free of specified encumbrances. Section 733.-803 provides for these encumbrances to be paid from the residue of the estate. In this instance, the only asset remaining to be distributed as part of the residue of the estate is the remainder interest in the home. Therefore we hold that the probate court erred when it imposed the duty upon appellant to pay the exempted expenses, without making provision for reimbursement of those expenses from the remainder when the life tenancy terminates.
We reverse the order of the probate court and remand this cause with directions for the probate court to enter an order providing that appellant, or her estate, shall have a lien against the proceeds derived from the sale of the real property equal to the amount of her payments of real estate taxes, encumbrances, liens, pledges, etc., except utilities and telephone. Such lien shall become enforceable upon termination of the life tenancy.
REVERSED and REMANDED.
ANSTEAD, C.J., and DOWNEY, J., concur.