CANADY, Judge.
Brian Woodward (Brian), as an interested residual beneficiary, appeals a final probate order denying his objections to the appellee personal representative’s plan of distribution of estate assets, notice of accounting, and petition for discharge. Brian, who is a son of the decedent, chai- *866 lenges payments made by the personal representative to satisfy an encumbrance on the decedent’s interests in certain properties which were specifically devised to Brian’s brother, James Q. Woodward (Jay). For the reasons we explain, we conclude that Brian’s challenge to the personal representative’s satisfaction of the encumbrance is meritorious. We reject without further comment another issue raised by Brian.
Jay and the decedent operated four sugar cane farms through a general partnership. One of the farms was operated on property owned by the decedent, the Home Farm, and the other three farms were operated on leased land. B & W Farm and Hilliard Farm No. 3 were operated on land leased and developed jointly by Jay and the decedent; the fourth farm, R & W Farm, was operated on land that was leased and developed by Jay.
In 2002, the decedent and Jay consolidated the farms’ existing debt under a single loan agreement. Three of the farms — the Home Farm, B & W Farm, and Hilliard Farm No. 3 — all had existing debt that was consolidated under the loan agreement. The fourth farm, R & W Farm, had no prior debt but was offered as additional collateral under the loan. Pursuant to the consolidated loan agreement, all of the crop proceeds were paid directly to the bank and the bank extended a line of credit to the farming partnership.
The decedent died in July 2002. The decedent’s will did not make any specific devises of property, but it bequeathed the residue of the decedent’s estate in equal shares to Jay, Brian, and three other beneficiaries. A codicil to the will provided that Jay and his wife were to receive as specific devises the decedent’s interests in three of the operating sugar cane farms— B & W Farm, Hilliard Farm No. 3, and R & W Farm. The codicil did not address the consolidated loan agreement encumbrance on these farms. The decedent’s interest in the Home Farm and the Home Farm property were part of the residual estate.
Two years after the decedent’s death, the personal representative of the estate sold the Home Farm property, and the proceeds of the sale were used to pay off the consolidated loan. With the debt on the consolidated loan satisfied, Jay was to inherit the decedent’s interests in the three farms unencumbered. When the personal representative filed her final accounting, plan of distribution, and petition for discharge, Brian objected on the basis that Jay should receive the encumbered assets devised to him not free of the consolidated loan encumbrance but with the encumbrance. Brian argued that two of the three farms — B & W Farm and Hilli-ard Farm No. 3 — were encumbered in the amount of $241,805.81 at the time of the decedent’s death and that the decedent’s interests in the farms should have passed to Jay with that debt. Brian argued that the funds used to satisfy the consolidated loan “should have been held for the interest of the beneficiaries of the [residual] estate.”
Rejecting Brian’s objection, the trial court addressed this issue in a letter ruling. The trial court stated that the decedent “could have put in his will that there be a reduction of [Jay’s] benefit by a like amount [but] that was not in the will.” In its order rejecting Brian’s objections, the trial court did not specifically address the encumbrance issue.
The trial court’s rejection of Brian’s objection to the satisfaction of the encumbrance is inconsistent with the governing provision of the Florida Probate Code. Section 733.803, Florida Statutes (2002), provides that “[t]he specific devisee of any encumbered property shall be entitled to have the encumbrance on devised property *867 paid at the expense of the residue of the estate only when the will shows that intent ” and that “[a] general direction in the will to pay debts does not show that intent.” (Emphasis added.) This statute makes clear that Jay was to inherit his father’s interests in the three encumbered farms free of debt only if the will or codicil specifically expressed the decedent’s intent that Jay would inherit the interests free of debt. Neither the will nor the codicil shows the intent required by the statute. Cf. In re Estate of Sterner, 450 So.2d 1256, 1257 (Fla. 4th DCA 1984) (holding that section 773.803 required residue of estate to pay encumbrances on property where codicil leaving life tenancy in property to specific devisee specifically stated that life tenancy was to be “free of rent and of any encumbrance of any nature whatsoever, such as taxes, liens, pledges, etc., except utilities and telephone”). Although the will states that all the decedent’s legal debts should be paid, the statute plainly provides that such a general direction for the payment of debts does not evidence an intent that encumbrances on devised properties be paid at the expense of the residuary estate.
We reject the personal representative’s argument that section 733.803 only applies to encumbrances that remain unsatisfied at the time of distribution and that she had unfettered discretion to pay debts of the estate during the period of administration. Such an interpretation is inconsistent with the design of section 733.803 to carry out the testator’s intent with respect to the devise of encumbered property.
Accordingly, we conclude that the trial court erred in rejecting Brian’s objection to the satisfaction of the consolidated loan encumbrance by the personal representative from the assets of the residual estate. We reverse the trial court’s order and remand for further proceedings.
ALTENBERND and SALCINES, JJ., Concur.